May 7, 2012

The Honorable Thomas J. McAvoy
United States District Judge
Northern District of New York
15 Henry Street
Binghamton, NY  13901



RE:  <u>Backus v. State of New York</u>
     9:11-CV-0019 (TJM)

Your Honor:

I want to first thank you for granting that portion of my application for amendment which was to include the question of whether or not the felony murder count was cognizable as a matter of law. However, I need to file this application for reconsideration because, as demonstrated below, this Court overlooked and/or misapprehended key issues of fact and law which caused it to deny the relief to which I was otherwise entitled to in my amended application.

A.  The Application For a Stay Should Have Been Granted

In this Court's original order denying my application for expansion under Rules 6 and 7 of the Rules Governing § 2254 cases, you ruled that I could not request the use of Rules 6 and 7 protocols because of the Supreme Court's decision in <u>Cullen v. Pinholster</u>, ___ U.S. ___ (2011). Moreover, in their Answer to my original habeas corpus application, the State made several assertions claiming knowledge of counsel's strategic and tactical rationale for his numerous performance failures. A list of these failures are replicated in my amended petition (see Amended Petition, Exhibit A, pages 37-54).

So, in Point 2 of my amended petitioner, I argued that

because of the restrictions placed on a district court's use of Rule 6 and 7 of the Rules Governing 2254 cases as explained in Cullen v. Pinholster, supra, I should be allowed to go back to the State court to expand the record in order to rebut the State's claim of strategic and tactical rationales for counsel's numerous performance defects. A new procedure for expansion is needed to compensate for what was lost when the Supreme Court decided Cullen v. Pinholster, and seemingly overrode Rule 6 and 7's purpose in habeas corpus proceedings.

B.  My Legal Insufficiency Claim was Derived From the Facts Articulated in My Ineffective Assistance Claims

As laid out in my original and amended habeas application, I argued that counsel was ineffective for failing to object to the prosecutor's summation (see Amended Application, Ex. A, pages 45-48), and that he was ineffective for agreeing to a jury charge which shifted the burden of proof from the prosecutor to the defense (id. at 22-24, 42-44).

My legal insufficiency argument (id. pages 58 - 60), uses the identical facts as those used in the arguments raised as to counsel's failure to object to the prosecutor's summation, and his acceptance of a jury charge which shifted the burden of proof.

Respectfully, I should have been allowed to argue this Point as part of my amended application.

C.  The Issues In The Coram Nobis Application Were Incorporated Into The Amended Petition by Reference

On page 34 of my amended application, I specifically incorporated, by reference, the contents of Point 3 (ineffective assistance of counsel), Point 1 (appellate counsel's failure to raise actual innocence and legal insufficiency claims), and

prosecutorial misconduct, all issues raised in my coram nobis application, into my amended application. I was under the impression that incorporation by reference was an acceptable practice under Rule 8 of the Federal Rules of Civil Procedure.

Any mistake in presentation was due to my status as a novice in legal matters. I fully intended both to use the coram nobis as a vehicle to expand the record in accordance with <u>Cullen v. Pinholster</u>, supra, and to present the prosecutorial misconduct and actual innocence claims as issues for amendment.

D. Isn't Actual Innocence Nothing But Miscarriage of Justice by Another Name?

This Court claimed that because the cell phone records were possessed by counsel during some point at trial, I cannot use Actual Innocence as a stand alone issue because the cell phone records were not new (Court's order, at 7-8). Moreover, this Court stated that because Ms. Crump testified to ownership of the cellphone, there was no need for the records. But what this Court forgot is what happened during jury selection (see Amended Petition, Exhibit A., at pages 22-24).

During the course of the lengthy deliberation, the jury sent out nine notes. Three of those notes revealed that the jury was troubled that it had not been provided with any record for the cellphone on which Mr. Paige claimed he had received the call from me on the night of the incident (A. 315, 317, 320-321 [citations are to the State Court Appellate Appendix]).

The jury was obviously struggling with the question of who owned the cellphone whose number was 863-1933 so that they could verify whether Ms. Crimp or Clarence Paige was telling the truth. This was exasperated by the prosecutor's claims during summation that the phone did not belong to Ms. Crump (T.824), when it is clear that the prosecutor knew that the cell phone belonged to

Ms. Crump.

The situation during deliberations reveals that a fundamental miscarriage of justice occurred when the jury was not given evidence which they requested (the cell phone records), and the trial court, the prosecutor and my assigned counsel all conspired together to pretend did not exists. And as the cell phone records demonstrate that Ms. Crump did own the phone, and that phone is the only evidence of my so-called involvement in the offense, I should be able to pass through under either the fundamental miscarriage of justice exception, or actual innocence because of the conduct of the prosecutor, the trial court and trial counsel.

E.  The District Attorney Should Be Required To Answer All The Portions of The Amended Application

It as my understanding that by putting in my amended application, each of the issues superceded the prior application. And that if I left out any of them, I would have waived them.

Based on this understanding, I put in a more detailed ineffective assistance of counsel claim, with specific citations to relevant caselaw supporting my constitutional claims. But this Court stated that the prosecutor only had to answer the felony murder argument. Respectfully, this was improper.

The state has already made comments about trial counsel's rationale that I can't, because of <u>Cullen v. Phinholster</u>, now rebut. They are allowed to rely on presumptions of correctness which, because of their complicity in supporting Mr. Paige's false testimony that he owned the cell phone, they simply do not deserve.

The State should be made to answer the entire amended application to ensure that I am given an opportunity to conduct

any rebuttals to the State's claims involving counsel's deficient performance.

Based on the foregoing, I am asking that this Court reconsider its position, and grant me the relief I initially requested, or at least direct the State to answer the ineffective assistance and felony murder claims in detail in the page limits allotted.

Respectfully submitted

-Cody A. Backus

TO: New York State Attorney General
      Onondaga County District Attorney

CLINTON CORRECTIONAL FACILITY
P.O. BOX 2001
DANNEMORA, NEW YORK 12929

NAME: Cody Baeleus   DIN#: 06B0010

Legal Mail

CLINTON CORRECTIONAL FACILITY



$00.650
Mailed From 12929
05/08/2012
US POSTAGE

Honorable Thomas J. McAvoy
United States District Judge
Northern District of New York
13 Henery Street
Binghamton, New York