UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CODY A. BACKUS,

        Petitioner,
  v.
                                      9:11-CV-0019

SUPERINTENDENT, Upstate Corr. Fac.,       (TJM)

        Respondent

---

APPEARANCES:                            OF COUNSEL:

CODY A. BACKUS
08-B-0010
Petitioner, pro se
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

HON. ERIC T. SCHNEIDERMAN        ALYSON J. GILL, ESQ.
New York State Attorney General          Ass't Attorney General
Attorney for Respondent
120 Broadway
New York, New York 10271

**THOMAS J. MCAVOY**
**Senior United States District Judge**

## DECISION and ORDER

       Petitioner Cody A. Backus has moved for reconsideration of the Court's April 9, 2012 Decision and Order, Dkt. No. 17, denying his motion to stay this action, and granting in part and denying in part his motion to amend his petition to include to additional claims. Dkt. No. 18, letter motion for reconsideration ("Letter Motion"). In support of his motion for reconsideration, petitioner reargues the reasons he believes a stay is appropriate, and claims that the Court "overlooked and/or misapprehended key issues of fact and law" when denying

his motion to amend his petition. Letter Motion at 1-2. Specifically, petitioner states that the facts supporting his legal sufficiency claim were derived from the same facts he alleged in support of his claim that counsel was ineffective for failing to object to the prosecutor's summation and to a particular jury instruction. *Id.* at 2. He further states that actual innocence is "Nothing But Miscarriage of Justice by Another Name," that he is actually innocent, and the notes written by the jury during deliberations proved the importance of cell phone records. *Id.* at 3-4. Finally, petitioner states that the issues outlined in his coram nobis application, attached to his motion to amend and to stay, were incorporated into his "amended petition by reference," and Respondent should therefore be required to respond to every claim presented in the "amended petition." *Id.* at 2-5.

The standard for granting a motion for reconsideration is strict, "and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Rafter v. Liddle*, 288 F. App'x. 768, 769 (2d Cir. 2008) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see Montanile v. Nat'l Broad, Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) ("Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'") (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Generally, grounds justifying reconsideration include an intervening change of controlling law, the availability of new evidence, and the need to correct clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Petitioner has not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the Court's April 9, 2012 decision. His arguments in support of his request for a stay, and to amend his original petition, were considered and rejected. Dkt. No. 17, Decision and Order, Apr. 9, 2012 at 2-3, 5-9 (citing, *inter alia*, Dkt. No. 15, Affidavit at 2-3; Amended Application ("Ex. A") at 28-31, 57-66). There was no manifest error of law in the Court's prior judgment, nor did the prior judgment constitute a manifest injustice. Petitioner's motion for reconsideration is therefore denied. *See Rafter*, 288 F. App'x. at 769 (affirming the denial of a motion for reconsideration where Rafter failed to "point to any facts or controlling law that the district court overlooked[.]"); *Campbell v. Poole*, No. 6:04-CV-6261, 2008 WL 2561998, at *3 (W.D.N.Y. Jun. 26, 2008) (denying petitioner's motion for reconsideration because "[t]he reasons given by petitioner for reconsideration merely repeat those set forth in his previous pleadings, and it is clear that the instant motion merely rehashes arguments previously raised, considered, and rejected by this Court in its decision and order denying petitioner's habeas petition") (internal citations and quotations omitted); *Copley v. Keohane*. Nos. 5:97-MC-00106, 88-CR-149, 97-CV-3273, 1997 WL 568011, at *1 (N.D.N.Y. Sept. 11, 1997) (denying motion for reconsideration because petitioner "offers no legal or factual basis for reconsideration, apart from his original argument which the court rejected").

Additionally, petitioner claims that the issues in his coram nobis application were "incorporated into the amended petition by reference," and that the Respondent should have to respond to every claim presented in his "amended petition." Letter Motion at 2-3, 4-5. Petitioner's motion to amend his original petition was granted only with respect to his claim that the felony murder count of the indictment, as charged, was not cognizable (the

3

"defective indictment" claim).  The respondent was instructed that he may, but was not required, to file an additional response addressing that claim.  Dkt. No. 17, Decision and Order, at 5, 10.  To the extent that petitioner is asking for reconsideration of that decision, his request is denied.[1]

Based on the foregoing, petitioner's motion for reconsideration is denied.  Petitioner may file a reply memorandum addressing the arguments made by Respondent in opposition to his petition (at Dkt. No. 8) as set forth below.  Rule 5(e), Rules Governing Section 2254 Cases in the United States District Courts.

**WHEREFORE**, it is hereby

**ORDERED** that petitioner's letter motion for reconsideration (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that petitioner may, but is not required, to file a reply addressing the respondent's arguments in opposition to his petition.  If petitioner chooses to file a reply, it must be filed no later than **thirty (30) days** from the filing date of this Decision and Order.  The reply **shall not exceed twenty-five (25) pages in length**, excluding exhibits.  The reply shall be limited to addressing the arguments raised by the respondent in his answer and memorandum of law in opposition to the petition (Dkt. No. 8); the Court will NOT consider any new grounds for relief or other legal theories asserted by petitioner in his reply; and it is

---

[1] Although petitioner claims to have incorporated the arguments presented in his coram nobis application into his proposed amended petition by reference, he may not properly do so.  The coram nobis application was attached to petitioner's motion to stay and to amend as an exhibit to let this Court know what petitioner was going back to state court to raise.  The coram nobis application was addressed to the Appellate Division, Fourth Department, and was referenced only in the portion of the proposed amended petition in which he requested a stay in order exhaust the claims contained in the coram nobis application.  Dkt. No. 15-1, Ex. A at 33-36; Letter Motion at 2 (referring the Court to page 34 of his proposed amended petition).  Petitioner did not move to amend his federal petition to include the claims raised in the coram nobis application.  *See* Dkt. No. 15, Affidavit; Ex. A.

further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

Dated: June 28, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge